**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 10 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHNNY EDWARD HAMILTON,<br><br>               Petitioner - Appellant,<br><br>  v.<br><br>E. K. MCDANIEL; ATTORNEY GENERAL OF THE STATE OF NEVADA,<br><br>           Respondents - Appellees. | No. 09-17483<br><br>D.C. No. 3:06-cv-00273-PMP-VPC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted November 30, 2010
San Francisco, California

Before: SCHROEDER, THOMAS, and GOULD, Circuit Judges.

Johnny Edward Hamilton appeals from the denial of his petition for a writ of

habeas corpus challenging his Nevada state court conviction for possession of a

controlled substance. He argues that his trial counsel, Robert C. Bell, rendered

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ineffective assistance by not eliciting trial testimony from three assertedly exculpatory witnesses, by not contesting at trial that powder recovered at the crime scene was cocaine, and by not filing a direct appeal. We have jurisdiction pursuant to 28 U.S.C. § 2253.

## I

Hamilton argues that Bell rendered ineffective assistance by not eliciting trial testimony from three exculpatory witnesses. At trial, Bell explained that he made a "tactical decision" not to call these witnesses because, in light of their criminal histories and personal antipathy toward Hamilton, their testimony would likely weaken Hamilton's defense. *Strickland v. Washington* instructs that reviewing courts generally should not second-guess the strategic decisions of trial counsel, 466 U.S. 668, 690–91 (1984), and the state courts did not unreasonably apply *Strickland* here. *See* 28 U.S.C. § 2254(d) (providing that a habeas petition shall be granted if the state court applied clearly established law unreasonably). Bell's alleged failure to interview the witnesses before trial does not in this case undermine the strategic nature of his trial decision. *See Strickland*, 466 U.S. at 691 ("[C]ounsel has a duty to . . . make a reasonable decision that makes particular investigations unnecessary."). Here, the characteristics of the witnesses, including their criminal records, supported counsel's strategic decision that calling them to

2

testify for Hamilton would have been counterproductive. We affirm the district court's disposition of this issue.

## II

Hamilton argues that Bell rendered ineffective assistance by not contesting at trial that the substance recovered at the crime scene, for possession of which Hamilton was convicted, was cocaine. Hamilton criticizes his trial counsel for stipulating that Terry Hanson, a criminalist, determined that the recovered substance was cocaine, and for not objecting when Albert Snover, a police officer, testified to identifying the substance as cocaine by conducting a "presumptive test" at the scene.

*Strickland* holds that a successful claim for ineffective assistance of counsel must establish that counsel's error caused prejudice to the defendant. 466 U.S. at 694. Hamilton has not established that absent these asserted errors, the prosecutor would not otherwise have proved that the identity of the recovered substance was cocaine, and in his habeas case Hamilton submitted no evidence showing that it was error to conclude cocaine was found adjacent to Hamilton when he fell. The state courts did not unreasonably apply *Strickland* here. *See* 28 U.S.C. § 2254(d). We affirm the district court's disposition of this issue.

# III

Bell did not file an appeal after Hamilton's conviction and sentencing. In *Roe v. Flores-Ortega*, the Supreme Court held that an attorney renders ineffective assistance by failing to perfect an appeal despite an obligation to do so. 528 U.S. 470, 477–81 (2000). An obligation arises when the defendant instructs counsel to appeal, *id*. at 477, or when counsel neglects to consult with the defendant about appealing even though the defendant reasonably demonstrated an interest in appealing or a rational defendant would want to appeal, *id*. at 478–80. Counsel's omission causes prejudice when it is reasonably probable that the defendant would have appealed but for counsel's failure to consult with him. *Id*. at 484.

The state court's factual finding that Hamilton never instructed Bell to appeal was consistent with *Flores-Ortega*, and we affirm the district court's denial of Hamilton's challenge to that finding. *See Pollard v. Galaza*, 290 F.3d 1030, 1033 (9th Cir. 2002) ("State court findings of fact are to be presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence."). However, that does not end the matter of assessing whether Bell's failure to appeal constituted ineffective assistance of counsel. The district court did not inquire whether, accepting that Hamilton did not ask his counsel to appeal, counsel failed to consult about an appeal. If no consultation occurred, a determination of

4

ineffective assistance will turn upon the existence of circumstances showing that Hamilton reasonably demonstrated an interest in appealing or that a rational defendant would have wanted to appeal. We remand so the district court may conduct the full inquiry required by *Flores-Ortega*.[1]

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART**, **REVERSED IN PART**, and **REMANDED**.

---

[1] The district court stated that this aspect of Hamilton's claim was unexhausted. We disagree. The record suggests that Hamilton may indeed have argued before the state courts that Bell's failure to appeal constituted ineffective assistance because of Bell's accompanying failure to consult. However, even assuming that Hamilton argued this theory for the first time in his federal habeas petition, the changed factual predicate (that is, Bell's failure to consult) does not render Hamilton's legal claim (that is, ineffective assistance for failure to appeal) unexhausted. *See Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) ("[N]ew factual allegations do not render a claim unexhausted unless they fundamentally alter the legal claim already considered by the state courts." (citation and quotation marks omitted)).